HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FEDERATED RURAL ELECTRIC
INSURANCE EXCHANGE and TIG
INSURANCE COMPANY,

        Plaintiffs,

        v.

PUBLIC UTILITY DISTRICT NO. 1 of
COWLITZ COUNTY, WASHINGTON, a
Washington municipal corporation,

        Defendant.

Case No.  C04-5052 RBL

ORDER DENYING
MOTION FOR SANCTIONS

This matter comes before the Court on plaintiffs' Fed. R. Civ. P. 37(b) Motion for Sanctions alleging that defendant and defense counsel have misrepresented facts essential to the just resolution of this dispute.  Alternatively, plaintiffs ask either that defendant's answer and counterclaims be dismissed with prejudice or that defense counsel's <u>Pro Hac Vice</u> status be revoked and that Certain Underwriters at Lloyd's of London and the London Market Companies (together "Lloyds") be reinstated as a party defendant.

The Court has reviewed the memoranda and materials submitted for and against the motion, together with the record developed in this case to date, including previous Court orders.  For the reasons stated below, plaintiffs' motion [Dkt. #119] is **DENIED.**

DISCUSSION

The current dispute centers on an Amended Loan Receipt Agreement between the Public Utility

ORDER
Page - 1

District No. 1 of Cowlitz County, Washington ("District") and Lloyds dated April 13, 2004.  Plaintiffs characterize the arrangement between the District and Lloyds as a collusive agreement authorizing a "recovery" action (either subrogation or contribution) by Lloyds against plaintiffs without ever revealing to the Court or to the plaintiffs its true nature or the real party-in-interest.  Statements made by the District or its counsel concerning the arrangement give rise to this motion for sanctions.

The essential terms of the agreement are not in dispute, at least not in any material way.  As a result of the agreement:

1) Lloyds advances its policy limits ($70 million) to the District (paid by 10/1/04)[1];

2) if the total loss from the insured event is less than $70 million, the District shall refund the unused portion of the Lloyds advances;

3) Lloyds, will, at its sole expense, direction and control, prosecute in the name of the District, claims against other insurers who may have coverage for the loss; and

4) upon recovery of any "other insurance", the District and Lloyds will split the proceeds 60/40 net of expenses.  (Declaration of Ronald J. Clark, Exh. 14 [Dkt. #120])

Defendants argue that a loan receipt agreement is valid in Washington[2], that under Washington law the insured is the real party in interest[3], and that their prior disclosures and representations concerning the agreement were accurate and not actionable.  Plaintiffs argue that: (a) defendants have not paid their policy limits but merely loaned them, (b) Lloyds, not the District, is the real party in interest because they control the litigation and stand to gain from the outcome and (c) that defendants seek to "double recover" for certain elected betterments that Lloyds already paid for.[4]

After review of the applicable case law and the representations made by the defendant regarding the arrangement between the District and Lloyds, the Court concludes:

---

[1] Policy limits are $70,000,000 and the agreement called for Lloyds to pay the District $64,786,325 by October 1, 2004.  Lexington Ins. Co. and Sirius Int'l Ins. Co. (companies related to Lloyds) paid $5 million and $213,675 respectively.

[2] *US Oil & Refining Co. v. Lee & Eastes Tank Lines, Inc.*, 104 Wash. App. 823 (2001).

[3] *McRory v. Northern Ins. Co. of New York*, 138 Wash. 2d 550 (1999).

[4] These "betterments" are alleged costs attributable to constructing the concrete - lined portion of the Swift No. 2 power canal.  Plaintiffs' memo [Dkt. #119] 9:15-18.

1) That the Amended Loan Receipt Agreement is valid under Washington law;

2) That the real party-in-interest in this action is the insured District;

3) That defendant's counterclaims are not in the nature of subrogation or contribution;

4) That plaintiffs have not been prejudiced by the agreement between Lloyds and the District because they will have the benefit of the full $70 million paid by Lloyds to the District and will only be liable for covered losses, if any (no double recovery will be allowed); and

5) The representations made by defense counsel concerning the agreement and the surrounding circumstances were not materially false.

Accordingly, the plaintiffs' motion is **DENIED.**

Dated this 21st day of December, 2005.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE