THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIG INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIC UTILITY DISTRICT NO. 1 of COWLITZ COUNTY, WASHINGTON, a Washington municipal corporation,<br><br>Defendant. | No. 04-5052RBL<br><br>NOTICE OF POSTING AND MOTION FOR APPROVAL OF SUPERSEDEAS BOND AND STAY PURSUANT TO FRCP 62(D)<br><br>**Noted for Consideration: Wednesday, August 29, 2007** |

## I. RELIEF REQUESTED

Plaintiff, TIG Insurance Company ("TIG"), respectfully requests that this Court (1) approve the attached supersedeas bond and (2) stay enforcement of the July 9, 2007, Judgment entered against TIG in this case.

## II. STATEMENT OF FACTS

On July 9, 2007, the Court entered a Judgment in a Civil Case Pursuant to FRCP 54(b) against TIG in the amount of $29,759,983. On July 24, 2007, TIG filed a Notice of Appeal. TIG then filed a motion seeking approval of a letter of credit to secure the judgment and to stay enforcement of the judgment during the pendency of the appeal.

In an order dated August 6, 2007, this Court denied TIG's motion and directed TIG to "post a supersedeas bond within 10 days of entry of this ORDER if it wishes to stay efforts to execute on the judgment."

TIG has complied with the Court's August 6, 2007, Order by obtaining a supersedeas bond from Travelers Casualty and Surety Company of America in the amount of $33,000,000.00. A copy of the bond is attached hereto as Exhibit A (pgs. 4-6.)[1]

### III. EVIDENCE RELIED UPON

The supersedeas bond attached as Exhibit A, and the pleadings and files herein.

### IV. ARGUMENT

FRCP 62(d) provides, "When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay . . . ."[2] The rule further provides, "The stay is effective when the supersedeas bond is approved by the court." Both the Ninth Circuit Court of Appeals and the United States Supreme Court have recognized that a party is entitled to a stay as a matter of right upon the posting of an appropriate supersedeas bond.[3]

In this case, the Court directed TIG to obtain a supersedeas bond within ten days of its Order. TIG has done so, and the amount of the bond ($33,000,000.00) is sufficient to satisfy the amount of the judgment in full, together with costs, post-judgment interest, and reasonable attorney fees on appeal in the event the judgment is upheld on appeal.[4] Accordingly, TIG respectfully requests that this Court (1) approve the attached bond as

---

[1] A copy of the bond is attached to TIG's motion filed by ECF. The original bond is being hand-delivered to the Court.

[2] In addition, FRAP 8(a)(1) authorizes a party to seek approval of a supersedeas bond for purposes of staying execution of a judgment while an appeal is pending.

[3] See Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc., 87 S. Ct. 1, 3 (1966); In re Combined Metals Reduction Co., 557 F.22d 179, 193 (9th Cir. 1977).

[4] Cf. Rachel v. Banana Republic, Inc., 831 F.2d 1503 (9th Cir. 1987) (amount of bond should be sufficient to secure appellees from loss resulting from stay of execution).

security pursuant to FRCP 62(d) and (2) stay enforcement of the July 9, 2007, Judgment during the pendency of TIG's appeal.

DATED this 20th day of August, 2007.

BULLIVANT HOUSER BAILEY PC

By _____
Douglas G. Houser, OSB #600384
Ronald J. Clark, OSB #880328
Maria E. Sotirhos, WSBA #21726
Attorneys for Plaintiff, TIG Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

Arjang Victory
Bruckmann & Victory, LLP
420 Lexington Ave., Ste. 1621
New York, NY  10170

_____
Kimberly A. Fergin

3537685.1

**Supersedeas Bond**

Travelers Casualty and Surety Company of America
One Tower Square, Hartford, CT 06183

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

TIG Insurance Company
Plaintiff

-against-

PUBLIC UTILITY DISTRICT NO. 1 OF COWLITZ COUNTY, WASHINGTON, a Washington municipal corporation,
Defendants

Bond No. **104993081**

Index or
Cause No. **CV04-05052RBL**

KNOW ALL PEOPLE BY THESE PRESENTS, that we **TIG Insurance Company**, as Principal, and **Travelers Casualty and Surety Company of America**, a corporation organized under the laws of the State of Connecticut and authorized to do business in the State of Washington, as Surety, are held and firmly bound unto **Public Utility District No. 1 of Cowlitz County, Washington, a Washington municipal corporation**, as Obligee, in the maximum aggregate penal sum of **Thirty-three million** Dollars ($ **33,000,000.00** ), lawful money of the United States of America, for which payment well and truly to be made we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by this instrument.

On July 9th, 2007, in an action pending in the above court, between TIG Insurance Company, as plaintiff, and Public Utility District No. 1 of Cowlitz County, Washington, a Washington municipal corporation, as defendant, judgment was rendered against TIG Insurance Company, and TIG Insurance Company having filed a notice of appeal from such judgment to the United States Court of Appeals for the Ninth Circuit, and having applied for and obtained an Order of the District Court staying enforcement of such judgment during the pendency of the appeal,

THEREFORE, the condition of this obligation is that if **TIG Insurance Company** shall prosecute their appeal to effect and shall satisfy the judgment in full, together with costs, interest and damages for delay if the appeal is finally dismissed or if the judgment is affirmed or shall satisfy in full such judgment as modified together with such costs, interest and damages for delay as the Court of Appeals may adjudge and award, subject however to the maximum aggregate penal sum stated herein, this obligation shall be void; otherwise it shall remain in full force and effect.

Pursuant to Rule 8(b) of the Federal Rules of Appellate Procedure, Travelers Casualty and Surety Company of America, as surety, submits itself to the jurisdiction of the District Court and irrevocably appoints the clerk of the District Court as Travelers' agent upon whom any papers effecting its liability on this obligation may be served.

SIGNED, SEALED AND DATED this **17th** day of August **2007**.

TIG Insurance Company

By: _____
William J. Gillett, President , Principal

By: _____
Michael J. Siuta, CFO, Treasurer , Principal
AND SR. Vice President

Travelers Casualty and Surety Company of America

By: _____
Roselily D. Belo , Attorney-in-Fact

S-5347 (12-99)

**Exhibit A, Page 4**

# POWER OF ATTORNEY

**TRAVELERS**

Farmington Casualty Company
Fidelity and Guaranty Insurance Company
Fidelity and Guaranty Insurance Underwriters, Inc.
Seaboard Surety Company
St. Paul Fire and Marine Insurance Company

St. Paul Guardian Insurance Company
St. Paul Mercury Insurance Company
Travelers Casualty and Surety Company
Travelers Casualty and Surety Company of America
United States Fidelity and Guaranty Company

Attorney-In Fact No. 218555

Certificate No. 001582113

**KNOW ALL MEN BY THESE PRESENTS:** That Seaboard Surety Company is a corporation duly organized under the laws of the State of New York, that St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company and St. Paul Mercury Insurance Company are corporations duly organized under the laws of the State of Minnesota, that Farmington Casualty Company, Travelers Casualty and Surety Company, and Travelers Casualty and Surety Company of America are corporations duly organized under the laws of the State of Connecticut, that United States Fidelity and Guaranty Company is a corporation duly organized under the laws of the State of Maryland, that Fidelity and Guaranty Insurance Company is a corporation duly organized under the laws of the State of Iowa, and that Fidelity and Guaranty Insurance Underwriters, Inc. is a corporation duly organized under the laws of the State of Wisconsin (herein collectively called the "Companies"), and that the Companies do hereby make, constitute and appoint

Kenneth S. Chapman, Jim Letcher, Janet D. Blankley, Michelle R. Stasko, Irma Llaneza, Erik B. Rolfness, Kathryn A. Fladmoe, Mark Benson, Cecilia A. Wallick, Peter D. Verretto, James A. Gravning, Jackie Fenton, Roselily D. Belo, William B. Wells, David B. Hruska, Michael R. Johnson, Jody E. Molenda, Judy S. Buller, Mike Haner, Katherine Lyons, Benjamin Wolfe, Michael R. Utech, Ryan Knowle, Debra Nelson, Janet Sweet, Cheryl Cough, Judy Sundstrom, Luke Collova, Stasha King, Joseph P. Smith, and Kyle E. Smith

of the City of Seattle, State of Washington, their true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign, execute, seal and acknowledge any and all bonds, recognizances, conditional undertakings and other writings obligatory in the nature thereof on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

**IN WITNESS WHEREOF,** the Companies have caused this instrument to be signed and their corporate seals to be hereto affixed, this 18th day of April, 2007.

Farmington Casualty Company
Fidelity and Guaranty Insurance Company
Fidelity and Guaranty Insurance Underwriters, Inc.
Seaboard Surety Company
St. Paul Fire and Marine Insurance Company

St. Paul Guardian Insurance Company
St. Paul Mercury Insurance Company
Travelers Casualty and Surety Company
Travelers Casualty and Surety Company of America
United States Fidelity and Guaranty Company

State of Connecticut
City of Hartford ss.

By: _George W. Thompson, Senior Vice President_

On this the 18th day of April, 2007, before me personally appeared George W. Thompson, who acknowledged himself to be the Senior Vice President of Farmington Casualty Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., Seaboard Surety Company, St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of the corporations by himself as a duly authorized officer.

**In Witness Whereof,** I hereunto set my hand and official seal.
My Commission expires the 30th day of June, 2011.

_Marie C. Tetreault, Notary Public_

Exhibit A, Page 5

58440-8-06 Printed in U.S.A.

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Boards of Directors of Farmington Casualty Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., Seaboard Surety Company, St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company, which resolutions are now in full force and effect, reading as follows:

**RESOLVED**, that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President, any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, and any of said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

**FURTHER RESOLVED**, that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

**FURTHER RESOLVED**, that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary and duly attested and sealed with the Company's seal by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

**FURTHER RESOLVED**, that the signature of each of the following officers: President, any Executive Vice President, any Senior Vice President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any power of attorney or to any certificate relating thereto appointing Resident Vice Presidents, Resident Assistant Secretaries or Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such power of attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached.

I, Kori M. Johanson, the undersigned, Assistant Secretary, of Farmington Casualty Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., Seaboard Surety Company, St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which is in full force and effect and has not been revoked.

**IN TESTIMONY WHEREOF**, I have hereunto set my hand and affixed the seals of said Companies this 30th day of August, 2007.

Kori M. Johanson, Assistant Secretary

         

To verify the authenticity of this Power of Attorney, call 1-800-421-3880 or contact us at www.stpaultravelersbond.com. Please refer to the Attorney-In-Fact number, the above-named individuals and the details of the bond to which the power is attached.

Exhibit A, Page 6