THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIG INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIC UTILITY DISTRICT NO. 1 OF COWLITZ COUNTY, WASHINGTON, a Washington municipal corporation,<br><br>Defendant. | NO. C04-05052RBL<br><br>TIG'S RESPONSE TO PUD'S MOTION TO LIFT STAY & ISSUE SCHEDULING ORDER<br><br>Noted for:<br><br>November 28, 2008 |

## I. INTRODUCTION

TIG Insurance Company ("TIG") does not, as a general proposition, oppose the PUD's motion to lift the stay entered by this Court on September 21, 2007. TIG respectfully submits, however, that prior to lifting the stay and before issuance of a scheduling order, the Court should direct the parties to confer and to submit a joint status report stating their position with respect to a trial date, amendment of the pleadings, discovery and motion schedule, and compliance with LR 39.1. Such a joint status report will serve to inform the Court regarding the scope and complexity of the remaining issues, and will facilitate the Court's formulation of an appropriate scheduling order governing the litigation of remaining claims.

TIG'S RESPONSE TO PUD'S MOTION
TO LIFT STAY- Page 1
No. C04-05052RBL

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511 / F: (206) 622-8986

1   TIG has proposed to PUD that the parties seek leave to submit a joint status report
2   before entry of a scheduling order and circulated its draft of such a report to PUD's counsel in
3   hopes that TIG's draft could serve as the basis for a joint report. PUD's counsel declined to
4   participate in the preparation of a joint status report at this time, however, taking the position
5   instead that a joint status report will be unnecessary unless and until the Court asks the parties
6   to prepare one. Respectfully, TIG continues to believe that, given the potential scope and
7   complexity of this litigation, the minimal time that would be involved in preparing a joint status
8   report for the Court's review, in advance of any lifting of the stay, would be time well spent
9   and will be beneficial to an efficient disposition of the case.

## II.   BACKGROUND

As summarized in its motion, PUD's counterclaims for alleged bad faith and violation of the Washington Consumer Protection Act (hereinafter "extra-contractual claims")[1] were initially bifurcated and stayed pending resolution of the underlying coverage questions. Thereafter, in compliance with the Court's direction to file all remaining dispositive motions, TIG filed a motion to lift the stay and sought summary judgment with respect to the extra-contractual claims. PUD opposed summary judgment as "premature," because it "ha[d] **not** had any opportunity to take discovery on these issues." Doc. No. 275 at 4 (emphasis in original). By minute order dated June 14, 2007, the Court denied TIG's motion without prejudice. Doc. No. 282

---

[1] The PUD has also given notice of its intent to pursue a claim under the Washington Insurance Fair Conduct Act (IFCA), RCW 48.30.015. IFCA became effective December 6, 2007 and has been held not to apply retroactively to conduct occurring prior to its effective date. *Malbco Holdings, LLC v. AMCO Ins. Co.*, 546 F.Supp.2d 1130 (E.D.Wash. 2008); *AECON Buildings v. Zurich N. America*, 2008 WL 895978 (W.D. Wash. 2008); *HSS Enterprises, LLC v. AMCO Ins. Co.*, 2008 WL 312695 (W.D. Wash. 2008). TIG therefore believes that IFCA will have no applicability in the instant matter. In order to quickly resolve the issue of IFCA retroactivity or any other issues arising from this or other new claims PUD may intend to assert, TIG respectfully submits that the Court should include in the case schedule a near-term deadline for motions seeking leave to amend pleadings.

TIG'S RESPONSE TO PUD'S MOTION
TO LIFT STAY- Page 2
No. C04-05052RBL

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511 / F: (206) 622-8986

On July 19, 2007, the Court entered a Scheduling Order that set a 15-month schedule for the completion of discovery, dispositive motions, and other tasks that would be involved in the litigation of the extra-contractual claims, with trial set for October 6, 2008. This schedule was ultimately rendered moot on September 21, 2007, when the Court vacated the scheduling order and again stayed the extra-contractual claims pending the conclusion of appellate proceedings in the Ninth Circuit with respect to contractual issues. Doc. Nos. 335, 338.

The Ninth Circuit proceedings with respect to contractual issues are now complete, with the Ninth Circuit having issued its mandate on November 12, 2008, and therefore it is procedurally appropriate to lift the stay. The important issues, which PUD's motion does not address, are: (1) the pre-trial schedule; and (2) the elements of the case schedule necessary to efficiently manage the case. We comment on these questions below.

### III. ISSUES TO BE ADDRESSED IN JOINT STATUS REPORT

Due to the stay that was entered by the Court shortly following entry of the July 2007 scheduling order, the discovery and other tasks contemplated by that original 15-month schedule remain to be done. TIG submits that a comparable schedule remains appropriate. In addition, TIG believes that the following issues should be addressed in any joint status report and subsequent scheduling order:

1. **Trial Date.** TIG believes that, consistent with what the Court recognized at the time it entered the original, July 19, 2007, scheduling order, it will likely take 12-15 months to complete discovery and motion practice. TIG therefore submits that a March, 2010 trial date would be appropriate.

2. **Amendment of Pleadings.** Given the PUD's notice of intent to bring an IFCA claim, TIG submits that the court should set a short date for amendment of pleadings so that,

TIG'S RESPONSE TO PUD'S MOTION
TO LIFT STAY- Page 3
No. C04-05052RBL

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511 / F: (206) 622-8986

among other things, the non-retroactivity issue can be framed and squarely addressed at an early stage of the proceedings.

      3.      **Discovery Schedule.** Judging by certain interrogatory answers already provided by PUD and other articulations of its extra-contractual claims, PUD intends to make a broad array of allegations relating to the entirety of TIG's pre-litigation investigation of the dam failure, TIG's alleged litigation conduct, and the activities of TIG's original counsel, Bullivant, Houser, Bailey, P.C.[2] The propriety of PUD's claims and its expansive discovery into otherwise privileged matters is beyond the scope of the present filing. For now, it is sufficient to say that the discovery process will be extensive and various discovery issues may arise that will require the guidance of the Court. Moreover, given the nature of PUD's claims it is likely that both sides will offer substantial expert testimony. TIG believes that, in order to most efficiently conduct expert discovery, disclosure of expert reports should be staggered in a manner so that TIG is able to respond to the PUD's experts prior to the depositions of its experts.

      4.      **LR 39.1 Compliance.** There have been several attempts at mediated and direct resolution of the claims in this case. Because these were unsuccessful, TIG believes that further efforts under LR 39.1 should await the completion of discovery and perhaps the resolution of certain motions.

\\
\\
\\
\\

---

[2] The Bullivant firm is withdrawing as counsel and the Bennett Bigelow firm is appearing for purposes of the litigation going forward.

TIG'S RESPONSE TO PUD'S MOTION
TO LIFT STAY- Page 4
No. C04-05052RBL

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511 / F: (206) 622-8986

## IV. CONCLUSION

TIG agrees that it is appropriate to lift the stay on litigation of PUD's extra-contractual claims, but submits that the Court should not issue a scheduling order in a vacuum. It should, prior to lifting the stay, enter an Order requiring the parties to confer and submit a joint status report that addresses the issues outlined above.

DATED this 24th day of November, 2008.

BENNETT BIGELOW & LEEDOM, P.S.


By____/s/ Michael Madden____
   William J. Leedom, WSBA #2321
   Michael Madden, WSBA #08747
   Tim E. Allen, WSBA #35337
   Amy M. Magnano, WSBA #38484
   Telephone: (206) 622-5511
   Fax: (206) 622-8986
   wleedom@bbllaw.com
   mmadden@bbllaw.com
   tallen@bbllaw.com
   amagnano@bbllaw.com
   Attorneys for Plaintiff/Counterclaim
   Defendant TIG Insurance Company


THOMPSON, LOSS & JUDGE, LLP
   Peter. G. Thompson, D.C. Bar #413101
   M. David Maloney, D.C. Bar #493923
   Robin Terry, D.C. Bar #500828
   Telephone: (202) 778-4083
   Fax: (202) 778-4099
   pthompson@tljlaw.com
   dmaloney@tljlaw.com
   rterry@tljlaw.com
   Attorneys for Plaintiff/Counterclaim
   Defendant TIG Insurance Company

TIG'S RESPONSE TO PUD'S MOTION
TO LIFT STAY- Page 5
No. C04-05052RBL

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511 / F: (206) 622-8986

# CERTIFICATE OF SERVICE

The undersigned certifies that on this 24th day of November 2008, I caused to be served Counterclaim Defendant TIG's Response to Counterclaim Plaintiff PUD's Motion to Lift the Stay of the PUD's Extra Contractual Claims to:

| | |
|---|---|
| Michael Ricketts<br>Kingman Peabody Fitzharris & Ringer, P.S.<br>505 Madison St., Ste. 300<br>Seattle, WA  98104 | ☐ via hand delivery<br>☐ via first class mail<br>☐ via facsimile<br>[X] via ECF |
| Arjang Victory<br>Jennifer Hoffman<br>Matthew Gonzalez<br>Bruckmann & Victory LLP<br>420 Lexington Ave., Ste. 1621<br>New York, NY  10170 | ☐ via hand delivery<br>☐ via first class mail<br>☐ via facsimile<br>[X] via ECF |

I declare under penalty of perjury this 24th day of November 2008, at Seattle, Washington.

By   /s/ Timothy E. Allen
Timothy E. Allen

w:\wdclient\2393\00001\word\mm864341.doc

TIG'S RESPONSE TO PUD'S MOTION
TO LIFT STAY- Page 6
No. C04-05052RBL

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511 / F: (206) 622-8986